IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ADAM MASKELL                                                                                              PLAINTIFF

v.                          Civil No. 1:23-cv-01048-SOH-BAB

CHIEF OF POLICE SHAUN HILDRETH                                                         DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Adam Maskell ("Maskell"), pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff maintains his rights under the Fourth and Fourteenth Amendments have been violated by the Defendant, Shaun Hildreth, the Chief of Police of the Warren Police Department, Warren Arkansas ("Chief Hildreth").

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915(e)(2)(B). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation.

### I.   BACKGROUND

According to the allegations of the Complaint (ECF No. 1), Chief Hildreth searched and seized Maskell's cellphone without a warrant. *Id.* at 3. During the search, Maskell says Chief Hildreth "looked for things unrelated to [Maskell's] arrest on a cloud-based app." *Id.* In fact, Maskell states Chief Hildreth admitted to "unwittingly" searching the Facebook app. *Id.* at 4.

Maskell next alleges Chief Hildreth "purposefully" destroyed exculpatory evidence requested for use of "affirmative and justification defenses [he] wish[s] to raise at [his] trial."

1

(ECF No. 1 at 3-4.[1]  In this regard, Maskell indicates the Chief Heldreth "erased the server" and destroyed the body camera evidence.  *Id.* at 4.  According to Maskell, police department policy makes the police chief responsible for the preservation and storage of body camera footage.  *Id.*

As relief, Maskell seeks compensatory damages.  (ECF No. 1 at 5).  Maskell also wants Chief Hildreth terminated for purposefully destroying exculpatory evidence.  *Id.*

## II.   APPLICABLE LAW

Under the § 1915(e)(2)(B), the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

---

[1] In *State v. Maskell,* 06CR-22-25, Plaintiff is charged with a one count amended criminal information with possession of a firearm by certain persons.  The initial information contained two additional charges—terroristic threatening and aggravated assault.  The case is ongoing.  Case information is publicly available at Arkansas Court Connect.  https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?back_to=P&case_id=06CR-22-25&begin_date=&end_date= (accessed June 5, 2023).

However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)).  Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there.  *Meador v. Paulson*, 385 Fed. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). "If all three questions are answered affirmatively, a federal court should abstain unless it detects bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998)(citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)(internal quotations omitted).

In this case, Maskell has an ongoing state criminal case.  He attempts here to argue the search of his cell phone was unlawful; and Chief Hildreth deliberately destroyed exculpatory evidence which Maskell desires to use in the state criminal proceeding.  These issues can and should be raised in the criminal case.  It is appropriate to stay this case pursuant to *Younger* abstention.

## IV.   CONCLUSION

For these reasons, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), it is recommended that this case be **STAYED AND ADMINISTRATIVELY TERMINATED** during the pendency of Maskell's state criminal case.   Maskell should be advised to file a motion to reopen once the criminal case is completed.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of June 2023**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE