IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ADAM MASKELL                                                                                          PLAINTIFF

v.                                              Case No. 1:23-cv-01048

CHIEF OF POLICE SHAUN
HILDRETH                                                                                             DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed June 20, 2023, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 5. Plaintiff Adam Maskell has objected. ECF No. 6. Thus, the matter is ripe for the Court's consideration.

On May 24, 2023, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983. His allegations against Defendant Shaun Hildreth, Chief of Police for the Warrant Police Department, stem from the Warren Police Department's arrest of Plaintiff. Plaintiff alleges that Defendant "searched and seized [his] cellphone without a warrant" and "purposely destroyed exculpatory evidence" in violation of the Fourth Amendment. ECF No. 1, at 4. Plaintiff seeks "[m]onetary relief ranging between $250,000 - $500,000" and "[i]njuctive [r]elief" terminating Defendant, ostensibly from his employment with the Warren Police Department. ECF No. 1, at 5.

Judge Bryant recommends staying and administratively terminating the instant action. Judge Bryant explains that a criminal action against Plaintiff relating to the at-issue arrest is currently pending in an Arkansas state court. Accordingly, Judge Bryant finds that the allegations contained in Plaintiff's complaint "can and should be raised in the criminal case," and therefore, a stay pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) is appropriate. ECF No. 5, at 3.

Plaintiff objects, arguing that § 1983 contains "absolutely no suggestion of waiting to hear a 1983 USC lawsuit . . . while state matters are pending." ECF No. 6, at 1. Plaintiff discusses the interplay between federal statutes and caselaw, arguing that statutes, like § 1983, "generally have priority." ECF No. 6, at 1. The Court construes this argument to mean that § 1983, not *Younger*, is applicable here. Plaintiff then reasserts the arguments set forth in his complaint, alleging that Defendant "purposely destroyed evidence." ECF No. 6, at 6. These objections are specific enough to trigger de novo review. *See Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (explaining that "the district court makes 'a de novo determination of those portions of the report or specified findings or recommendations to which objection is made'"). Reviewing the matter de novo, the Court overrules Plaintiff's objections and adopts Judge Bryant's recommendation in its entirety.

Judge Bryant is correct that criminal charges related to Plaintiff's arrest are currently pending in Bradley County Circuit Court. There, Plaintiff is charged with terroristic threatening in the first degree, a terroristic act, and being a felon in possession of a firearm. "[A] federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges." *Cannon v. Gibson*, No. 3:11-cv-00038, 2011 WL 1135898, at *2 (E.D. Ark. Mar. 29, 2011). This Court and other federal district courts have found that where the plaintiff is a defendant in an ongoing state criminal proceeding, the state proceeding implicates important state interests. *See, e.g.*, *Sharrah v. Brown*, No. 2:21-cv-02115, 2021 WL 3086775, at * (W.D. Ark. July 8, 2021) (recognizing "the important state interest of enforcing state criminal laws"); *Hill v. Jeffries*, No. 1:13-cv-00013, 2013 WL 5673566, at *2 (E.D. Ark. Oct. 15, 2013); *Cannon*, 2011 WL 1135898, at *2. Further, a review of the state court docket reveals that Plaintiff has filed a motion to suppress evidence, and

in that motion, relied on arguments identical to those which he presents here.[1] This demonstrates not only that "there is an adequate opportunity in the state proceedings to raise the constitutional challenges," but that Plaintiff has taken advantage of that opportunity. *Cannon*, 2011 WL 1135898, at *2. Thus, all three abstention elements are present here, and the Court agrees with Judge Bryant that it should abstain from considering Plaintiff's claims. *See id.*[2]

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (ECF No. 5) *in toto*. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the instant action is hereby **STAYED AND ADMINISTRATIVELY TERMINATED**. Plaintiff is hereby advised that he may file a motion to reopen this action once the now-ongoing state court proceeding has concluded.

**IT IS SO ORDERED**, this 17th day of July, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Specifically, Plaintiff argued that Defendant "unwittingly admit[ed] to looking through [his] cellphone specifically on the Facebook App" and that "[i]f [Defendant] felt a search and seizure needed to have been conducted, [Defendant] should have applied for a warrant from a judge." *See Arkansas v. Maskell*, No. 2022-25-1 (Motion to Suppress).

[2] To the extent that Plaintiff argues that § 1983 eclipses the *Younger* abstention doctrine, the Court disagrees. 42 U.S.C. § 1983 is simply a vehicle by which a plaintiff may assert his constitutional rights. *See, e.g.*, *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979). *Younger* (and other caselaw discussing abstention) stands for the proposition that federal courts should not interfere in ongoing state court proceedings, assuming that certain circumstances are present. *See Cannon*, 2011 WL 1135898, at *2. Accordingly, § 1983 and the abstention doctrine do not conflict; instead, the abstention doctrine simply informs a district court as to when it should abstain from considering a plaintiff's claim, which may or may not be brought pursuant to § 1983.